| | |
|---|---|
| 1 | **WILSON TURNER KOSMO LLP**<br>Vickie E. Turner (SBN 106431) |
| 2 | 550 West C Street, Suite 1050<br>San Diego, California  92101 |
| 3 | Telephone:  (619) 236-9600<br>Facsimile:   (619) 236-9669 |
| 4 | E-mail:  vturner@wilsonturnerkosmo.com |
| 5 | **WILLIAMS & CONNOLLY LLP**<br>Douglas R. Marvin (D.C. Bar No. 933671) |
| 6 | Eva Petko Esber (D.C. Bar No. 395952)<br>M. Elaine Horn (D.C. Bar No. 460132) |
| 7 | 725 Twelfth Street, N.W.<br>Washington, D.C.  20005-5901 |
| 8 | Telephone:  (202) 434-5000<br>Facsimile:   (202) 434-5029 |
| 9 | E-mail:  dmarvin@wc.com<br>E-mail:  eesber@wc.com |
| 10 | E-mail:  ehorn@wc.com |
| 11 | *Attorneys for Defendants Merck & Co., Inc.*<br>*and Merck Sharp & Dohme Corp.* |
| 12 | |

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INCRETIN-BASED THERAPIES PRODUCTS LIABILITY LITIGATION | Case No. 14cv2841 AJB (MDD)<br><br>Lead Case No. 13md2452 AJB (MDD) |
| LOIDA AGUILAR, individually and as heir and successor in interest to MARGARITA AGUILAR, decedent, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>AMYLIN PHARMACEUTICALS, LLC f/d/a AMYLIN PHARMACEUTICALS, INC., et al.,<br><br>            Defendants. | **DEFENDANTS MERCK & CO., INC. AND MERCK SHARP & DOHME CORP.'S NOTICE OF MOTION AND MOTION TO SEAL CONFIDENTIAL EXHIBITS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Date:     January 22, 2015<br>Time:    2:00 p.m. PDT<br>Judge:   Hon. Anthony J. Battaglia<br>Dept:    3B |

Case No 14cv2841 AJB (MDD)
DEFENDANTS NOTICE OF MOTION AND MOTION TO SEAL
CONFIDENTIAL EXHIBITS IN SUPPORT OF OPPOSITION TO PLAINTIFFS'
MOTION TO REMAND

1   Pursuant to Civil Local Rule 79.2(b), ECF Administrative Policies and
2   Procedures 2(j), the Honorable Anthony J. Battaglia's Civil Case Procedures Section
3   IV, Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively,
4   "Merck" ) hereby submit this motion to file under seal the following exhibits attached
5   to Merck's Opposition to Plaintiffs' Motion to Remand: (1) Catherine M. Beske Osco
6   Drug Records Obtained by Merck (**Exhibit E**); (2) Catherine M. Beske Plaintiff-
7   Provided Pharmacy Records (**Exhibit G**); (3) Jack Smith Plaintiffs' Fact Sheet
8   (**Exhibit H**); (4) Joseph Pulcini Supplemental Plaintiffs' Fact Sheet (**Exhibit I**); and
9   (5) Joseph Pulcini Plaintiff-Provided Pharmacy Records (**Exhibit J**).

## I.   ARGUMENT

### A.   Standard of Review

A party seeking to preserve the confidentiality of discovery documents attached to non-dispositive filings need only demonstrate "good cause" under Federal Rule of Civil Procedure 26(c) for the documents to be maintained under seal. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).  When such documents are exhibits to dispositive motions, the more demanding "compelling reasons" standard applies. *Id.*  The Ninth Circuit has not yet determined whether a motion to remand is a dispositive motion for purposes of evaluating a motion to seal. *See Alvarez v. C & S Wholesale Grocers, Inc.*, 2013 WL 5970479, at *3 (E.D. Cal. Nov. 4, 2013).  The Court need not decide this issue, because, as explained below, the medical information in Exhibits E, G, H, I, and J satisfies both standards.

### B.   The Court Should Seal Plaintiffs' Medical Records

Exhibits E, G, H, I, and J are medical records or Plaintiffs' Fact Sheets that contain Plaintiffs' medical and other sensitive information.  Merck has obtained these documents through discovery either directly from Plaintiffs or through use of authorizations provided by Plaintiffs.  Federal district courts routinely find that medical records obtained during discovery and other documents containing medical information satisfy the good cause standard. *See, e.g. Hendon v. Baroya*, No. 1:05–

cv–01247–AWI–GSA–PC, 2012 WL 6087535, at *2 (E.D. Cal. Dec. 6, 2012); *Seals v. Mitchell*, No. CV 04–3764 NJV, 2011 WL 1233650, at *5 (N.D. Cal. Mar. 30, 2011); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10–02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011); *Wilkins v. Ahern*, No. C 08–1084 MMC (PR), 2010 WL 3755654, at *5 (N.D. Cal. Sept. 24, 2010); *Johansen v. San Diego Police Dep't*, No. 07cv1601-LAB (LSP), 2008 WL 170016, at *1 (S.D. Cal. Jan. 17, 2008).

Likewise, federal courts routinely find that such records satisfy the "compelling reasons" standard. *See, e.g.*, *G. v. Hawai'i*, CV 08–00551 ACK–BMK, 2010 WL 2607483, at *1 (D. Haw. June 25, 2010) (so holding and collecting authority); *Lombardi v. TriWest Healthcare Alliance Corp.*, CV 08–02381, 2009 WL 1212170, *1 (D. Ariz. May 4, 2009) (allowing the defendant to file exhibits under seal where they contained "sensitive personal and medical information"). Accordingly, the documents should be maintained under seal.

## II. CONCLUSION

For the foregoing reasons, Merck respectfully requests that the Court grant this motion and maintain Exhibits E, G, H, I, and J to Merck's Opposition to Plaintiffs' Motion to Remand under seal.

Dated: January 6, 2015

**WILSON TURNER KOSMO LLP**

By: s/ Vickie E. Turner
Vickie E. Turner (SBN 106431)

**WILLIAMS & CONNOLLY LLP**
Douglas R. Marvin (D.C. Bar No. 933671)
Eva Petko Esber (D.C. Bar No. 395952)
M. Elaine Horn (D.C. Bar No. 460132)

*Attorneys for Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp.*